**Oliver Asher BRANCH, III, Appellant,**

v.

**STATE OF MINNESOTA; Frank Wood, Commissioner of Corrections; and Dennis L. Benson, Warden, Appellees.**

No. 96–3655.

United States Court of Appeals, Eighth Circuit.

Submitted May 21, 1997.

Decided Nov. 5, 1997.

Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Mr. Branch filed a petition for rehearing in this case, indicating his belief that we had erred in holding that he had not raised a Fifth Amendment claim in his § 2254 petition, or, indeed, in any of his post-conviction efforts. Having re-examined the record, we believe that it is not sufficiently complete to support a conclusion one way or another on the question whether Mr. Branch raised a Fifth Amendment claim in all of his attempts at post-conviction relief; and we have concluded that, while the matter is hardly free from doubt, Mr. Branch did raise his Fifth Amendment claim in his § 2254 petition sufficiently for it to deserve consideration. Neither the magistrate judge nor the district court dealt with the issue directly, nor did either of them indicate why he did not.

Mr. Branch complains that in his closing argument the prosecutor stated, evidently referring to Mr. Branch's claim of self-defense, that "[t]here is no evidence in this case at all and there's the man who should know." Mr. Branch maintains that this was a blatant reference to himself and to the fact that he had availed himself of his right not to testify in his trial. For the purposes of this opinion, we assume, without deciding, that Mr. Branch's construction of the prosecutor's remarks is correct and that the jury would have understood those remarks as a comment on Mr. Branch's exercise of his Fifth Amendment rights. Such remarks, of course, themselves violate the Fifth Amendment, *see Griffin v. California*, 380 U.S. 609, 613, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965), are therefore objectionable, and, in a proper case, may result in a mistrial. At the very least, a criminal defendant is entitled to a contrary instruction, if he or she asks for one, when a prosecutor adverts to the exercise of the testimonial privilege.

Mr. Branch made no reference to a Fifth Amendment claim in his direct appeal, but he asserts that that was the result of the ineffectiveness of his appellate counsel. Assuming, without deciding, that constitutionally effective counsel would have raised the claim on appeal, Mr. Branch must still show that he was prejudiced by the failure to do so.

Since no objection to the relevant statement was made in the trial court, appellate counsel would have had to succeed on a plain error review in the appellate court before Mr. Branch could show prejudice on account of counsel's failure to raise it in the appellate court. But on plain error review (or, indeed, on any other review) all that the appellate court would have had before it was the offending statement by the prosecutor and the fact that the statement was not objected to. We know of no rule of law, constitutional or otherwise, and Mr. Branch points us to none, that would have moved the appellate court to hold that it was plain error for the trial court not to declare a mistrial or give a curative instruction *sua sponte* in the circumstances of this case. That being so, where is the error, plain or otherwise?

Perhaps trial counsel did not live up to the expectations of the Sixth Amendment when he or she registered no objection to the prosecutor's statement. But trial counsel might very well have objected to the relevant statement and merely asked the trial court for a cautionary instruction, a course of action that we do not believe would have been objectively unreasonable. We are therefore unable to see how Mr. Branch could possibly show prejudice, because we cannot say that on this record there is a reasonable probability that the result in his trial would have been different if trial counsel had acted in an objectively competent fashion. In other words, if the trial court had given a cautionary instruction, we see no reasonable prospect that the outcome of the trial in this case would have been different.

For the reasons indicated, the petition for rehearing is denied.